State Court of Fulton County
**E-FILED**
16EV002357
5/17/2016 2:07:50 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANTHONY M. GRIPPA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) FILE NO: |
| | ) |
| CHESAPEAKE HOSPITALITY, LLC, | ) |
| SOTHERLY HOTELS, INC., | ) JURY TRIAL DEMANDED |
| SOHO ATLANTA, LLC, IVY MPOFU | ) |
| and JOHN DOES 1-3, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

The Complaint of the Plaintiff respectfully alleges the following:

### PARTIES AND JURISDICTION

1.

**COMES NOW** Plaintiff and sues Defendants as follows:

2.

Plaintiff is a resident of the State of Florida.

3.

Defendant Chesapeake Hospitality, LLC is a Maryland for-profit corporation authorized to do business in the State of Georgia, with its principal office located at 6411 Ivy Ln., Suite 510, Greenbelt, Maryland 20770. Defendant Chesapeake Hospitality, LLC is subject to jurisdiction and venue of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91 and pursuant to O.C.G.A. § 14-2-510 after service of the Summons and Complaint upon its Registered Agent, CSC-Lawyers Incorporating Service Company, 7 St. Paul St., Suite 820, Baltimore, Maryland 21202.



4.

Defendant Southerly Hotels, Inc. is a Maryland for-profit corporation with its principal office located at 410 W. Francis St., Williamsburg, Virginia 23185. Defendant Southerly Hotels, Inc. is subject to jurisdiction and venue of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91 and pursuant to O.C.G.A. § 14-2-510 after service of the Summons and Complaint upon its Registered Agent, CT Corporation System, 4701 Cox Rd., Suite 285, Glen Allen, Virginia 23060.

5.

Defendant Soho Atlanta, LLC is a Delaware for-profit corporation authorized to do business in the State of Georgia, with its principal office located 410 W. Francis St., Williamsburg, Virginia 23185. Defendant Soho Atlanta, LLC is subject to jurisdiction and venue of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91 and pursuant to O.C.G.A. § 14-2-510 after service of the Summons and Complaint upon its Registered Agent, CT Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia, 30361.

6.

Defendant Ivy Mpofu is a Georgia resident believed to be living at 4466 Kentland Dr. #58, Acworth, Georgia 30101-6676.

7.

At all times material hereto, Defendant John Does 1-3 are entities and/or persons who are property owner(s), management company / companies, manager(s), employee(s), operator(s), other entity / entities or independent contractor(s) whose identity and exact whereabouts are currently unknown. John Doe will be named once its / his / her identity(es) is / are revealed.

8.

Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

9.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 8 above as if they were stated verbatim.

10.

On or about October 23, 2014, Plaintiff was an invitee of the Georgian Terrace Hotel, located at 659 Peachtree St. NE, Atlanta, GA 30308. Plaintiff was attending a meeting at the hotel when he went to use the restroom. After he entered the restroom, Plaintiff was robbed at gunpoint, thereby resulting in both mental distress and property loss.

11.

The Plaintiff exercised ordinary care and diligence at all times herein and under the circumstances then existing.

## COUNT I – NEGLIGENCE AS TO ALL DEFENDANTS

12.

Plaintiff realleges and incorporates by reference Paragraphs 1 through 11 above as if they were restated verbatim herein.

13.

At all times mentioned herein, Defendants owned, operated, controlled and/or managed The Georgian Terrace hotel, located at 659 Peachtree St. NE, Atlanta, GA 30308.

14.

Defendants breached the duty owed to the Plaintiff by failing to exercise ordinary care to keep its premises safe.

15.

Prior to and on October 23, 2014, the subject hotel was negligently maintained, inspected, secured, patrolled and managed. Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol and manage said property but failed to exercise ordinary care.

16.

Defendants had actual and constructive knowledge of criminal activity existing on their property prior to the Plaintiff's incident. Said prior criminal activity was negligently permitted to exist and remain at the premises at issue.

17.

Defendants had actual and constructive knowledge of criminal activity existing at their property and in the vicinity prior to the Plaintiff's incident, but negligently failed to warn the Plaintiff.

18.

Defendants negligently failed to warn their invitees, including the Plaintiff, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

19.

Defendants negligently failed to maintain adequate security devices to permit proper use of the property, thereby causing an unreasonable risk of injury to their invitees, including the Plaintiff.

20.

At all times mentioned herein, Defendants controlled the management of the property, and had the legal duty to keep the premises in a state consistent with the due regard for the safety of their invitees, including the Plaintiff. Defendants breached said duties to the Plaintiff and failed to act as similarly situated businesses in like circumstances.

21.

Defendants were negligent in failing to maintain, inspect, secure, patrol and manage the premises at issue, thereby creating an unreasonable risk of injury to its invitees, including the Plaintiff.

22.

Defendants knew of, or with the exercise of due care for the safety of its invitees should have known of the dangerous and hazardous conditions existing on the premises and the failure to maintain, inspect, secure, patrol and manage the premises and that said conditions were likely to result in the injuries suffered by the Plaintiff.

23.

Defendants were and are *negligent per se*.

24.

Defendants had actual knowledge of the dangerous and hazardous conditions existing at the premises due to the direct knowledge of its employees and agents.

25.

Defendants had constructive knowledge of the dangerous and hazardous conditions existing on the premises through the knowledge of its employees and agents and due to the prior criminal activity and dangers associated with the property and surrounding areas.

26.

Defendants negligently failed to maintain a policy, procedure or system of investigating, reporting and warning of the aforementioned criminal activity and negligently maintained property.

27.

Defendants are liable for the injuries of the Plaintiff. Said injuries of the Plaintiff were sustained without necessity, privilege, or consent.

28.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of the dangerous environment of said property, Defendants are liable for the negligent supervision, hiring, training, and retention of its employees and the entrustment of said property to its agents and employees. Said negligence was the proximate cause of the damages and injuries to the Plaintiff.

29.

Defendants negligently represented to its invitees that the property at issue was properly maintained.

30.

Defendants negligently failed to provide adequate security protection, security personnel, or an outside security presence on the property.

31.

Defendants negligently failed to act on its knowledge of prior crimes, and failed to act to correct, prevent, or warn of prior criminal activity, loitering, trespassing, and the dangerous environment of said property.

32.

Defendants failed to take appropriate action to remedy or reduce the danger to its invitees, including the Plaintiff, and allowed the dangerous environment on the subject property to continue to exist unabated, thereby creating a nuisance.

33.

Defendants' negligence was a cause in fact and a proximate cause of the Plaintiff's injuries.

34.

As a proximate result of Defendants' negligence, Plaintiff sustained injuries, including but not limited to severe emotional pain and distress.

35.

As a proximate result of Defendants' negligence, Plaintiff sustained injuries, including but not limited to severe emotional pain and distress.

35.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from defendant in an amount to be proven at trial.

## COUNT II – CONVERSION AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANT JOHN DOES

36.

Plaintiff realleges and incorporates by reference Paragraphs 1 through 35 above as if they were restated verbatim herein.

37.

The factual allegations underlying this action constitute an intentional criminal act perpetrated against Plaintiff by an unnamed "John Doe" defendant.

38.

The unnamed "John Doe" defendant is responsible for Plaintiff's damages as a result thereof, including but not limited to emotional distress and property damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays and demands as follows:

1. That Process and Summons issue, as provided by law, requiring defendant to appear and answer Plaintiff's Complaint;

2. That service be had upon defendants as provided by law;

3. That the Court award and enter a judgment in favor of Plaintiff and against defendants for compensatory damages in an amount to be proven at trial;

4. That Plaintiff have a trial by a jury as to all issues; and,

5. That Plaintiff have such other and further relief as the Court may deem just and proper.

This 17th day of May, 2016.

Respectfully submitted,

/s/ Norman M. Sawyer, Jr.
NORMAN M. SAWYER, JR.
GEORGIA BAR NO. 116686
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA, PLLC
191 Peachtree Street, N.E.
Suite 4200
Atlanta, Georgia 30303
Tel: (404) 965-8811
Fax: (404) 965-8812

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANTHONY M. GRIPPA, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| | : FILE NO: 16EV002357 |
| CHESAPEAKE HOSPITALITY, LLC | : |
| SOTHERLY HOTELS, INC., | : **JURY TRIAL DEMANDED** |
| SOHO ATLANTA, LLC, IVY MPOFU | : |
| and JOHN DOES 1-3, | : |
| Defendants. | : |

## NOTICE OF FILING NOTICE OF REMOVAL

**TO:** **ANTHONY M. GRIPPA, through his counsel, Norman Sawyer**

Pursuant to 28 U.S.C. §§1441 and 1446, Defendants Chesapeake Hospitality, LLC, Sotherly Hotels, Inc, Soho Atlanta, LLC, and Ivy Mpofu (collectively referred to as "Defendants"), by and through undersigned counsel, hereby gives notice that they have filed a notice of removal attached as "Exhibit A," in the United States District Court for Northern District of Georgia, Atlanta Division.

Respectfully submitted this 17th day of June 2016.

/s/ Eric M. Jenniges
RONALD F. NEGIN, ESQ.
Georgia Bar No. 537190
ERIC M. JENNIGES, ESQ.
Georgia Bar No. 222426
***Counsel for Defendants***

**BUSBY & NEGIN, INC.**
8200 Roberts Drive Suite 201
Atlanta, GA 30350
Telephone: (470)275-3042
Facsimile: (404)529-4399

00118421.DOCX


EXHIBIT B

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Notice of Notice of Removal* upon all parties to this matter has been served upon counsel of record via email, as well as by electronically filing it with the Odyssey eFileGA Electronic Filing System which will automatically send email notification of such filing to:

Norman Sawyer
Morgan & Morgan. Atlanta, PLLC
191 Peachtree Street, N.E., Suite 4200
Atlanta, GA  30303
nsawyer@forthepeople.com

This 17th day of June 2016.

/s/ Eric M. Jenniges
RONALD F. NEGIN, ESQ.
Georgia Bar No. 537190
ERIC M. JENNIGES, ESQ.
Georgia Bar No. 222426
*Counsel for Defendants*

**BUSBY & NEGIN, INC.**
8200 Roberts Drive
Suite 201
Atlanta, GA  30350
Telephone:  (470)275-3042
Facsimile:  (404)529-4399

00118421.DOCX

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANTHONY M. GRIPPA,<br><br>    Plaintiff,<br><br>v.<br><br>CHESAPEAKE HOSPITALITY, LLC<br>SOTHERLY HOTELS, INC.,<br>SOHO ATLANTA, LLC, IVY MPOFU<br>and JOHN DOES 1-3,<br><br>    Defendants. | :<br>:<br>:<br>: CIVIL ACTION<br>: FILE NO: 16EV002357<br>:<br>:<br>:<br>:<br>: **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>: |

## NOTICE OF FILING NOTICE OF REMOVAL

**TO:**   **Clerk, Fulton County State Court**

Pursuant to 28 U.S.C. §§1441 and 1446, Defendants Chesapeake Hospitality, LLC, Sotherly Hotels, Inc, Soho Atlanta, LLC, and Ivy Mpofu (collectively referred to as "Defendants"), by and through undersigned counsel, hereby gives notice that they have filed a notice of removal attached as "Exhibit A," in the United States District Court for Northern District of Georgia, Atlanta Division.

Respectfully submitted this 17th day of June 2016.

                                                        */s/ Eric M. Jenniges*
                                                      RONALD F. NEGIN, ESQ.
                                                      Georgia Bar No. 537190
                                                      ERIC M. JENNIGES, ESQ.
                                                      Georgia Bar No. 222426
                                                      ***Counsel for Defendants***

**BUSBY & NEGIN, INC.**
8200 Roberts Drive

00118423.DOCX



Suite 201
Atlanta, GA 30350
Telephone: (470)275-3042
Facsimile: (404)529-4399

00118423.DOCX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing ***Notice of Notice of Removal*** upon all parties to this matter has been served upon counsel of record via email, as well as by electronically filing it with the Odyssey eFileGA Electronic Filing System which will automatically send email notification of such filing to:

Norman Sawyer<br>
Morgan & Morgan. Atlanta, PLLC<br>
191 Peachtree Street, N.E., Suite 4200<br>
Atlanta, GA  30303<br>
nsawyer@forthepeople.com

This 17th day of June 2016.

                                                   */s/ Eric M. Jenniges*
                                                   RONALD F. NEGIN, ESQ.
                                                   Georgia Bar No. 537190
                                                   ERIC M. JENNIGES, ESQ.
                                                   Georgia Bar No. 222426
                                                   ***Counsel for Defendants***

**BUSBY & NEGIN, INC.**
8200 Roberts Drive
Suite 201
Atlanta, GA  30350
Telephone:  (470)275-3042
Facsimile:   (404)529-4399

00118423.DOCX